**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PATRICK STALLWORTH**                                              **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:06CV537 LTS-RHW**

**MARVIN B. ROBINSON and
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**      **DEFENDANTS**

### MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR RECONSIDERATION

The Court has before it the motion of the defendants to reconsider the opinion and order entered on August 1, 2006, granting the plaintiff's motion to remand.

Defendants' first contention is that the Court erred in the legal standard it applied in deciding the merits of the motion to remand. Defendants contend that because they submitted an affidavit in support of their opposition to the motion to remand, the Court "is required to 'pierce the pleadings' and consider the defendants' evidence." (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 1)

Defendants' second contention is that the Court erred by not ruling, as a matter of law, that the plaintiffs' claims are time barred. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 1)

Defendants' third contention is that the Court erred by not ruling, as a matter of law, that the plaintiffs' claim for negligent misrepresentation is invalid. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 2)

Defendants' fourth contention is that the Court erred by failing to ascertain that this case is cognizable under the Court's federal question jurisdiction. 42 U.S.C. §1331. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 2)

Defendants request that if the Court determines that these four contentions do not preclude remand that the Court vacate its order of remand and grant an interlocutory appeal. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 14)

## The Applicable Legal Standard

Defendants assert that in deciding the merits of a motion to remand in a case that has been removed on allegations of fraudulent joinder : "This Court Must Pierce the Pleadings in Determining Whether It Has Diversity Jurisdiction Over This Case."

The leading case in the Fifth Circuit concerning questions of removal and fraudulent joinder is Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568 (5th Cir.2004) (en banc). This case established two alternative procedures for resolving a motion to remand in these circumstances, i.e. when the Court is deciding whether a plaintiff has a reasonable basis for recovery under state law in the context of removal based on allegations of fraudulent joinder:

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d at 573 (5th Cir.2004)

Both Defendant Marvin B. Robinson (Robinson) and Plaintiff Patrick Stallworth (Stallworth) have submitted affidavits in support of their separate versions of the facts that underlie the plaintiff's claim against Robinson. The affidavits present inconsistent facts. Robinson's affidavit indicates that he did not participate personally in the original sale of the Nationwide policy to Stallworth and that he did not participate personally in renewal transactions for that policy. Stallworth has alleged that he dealt directly with Robinson, and Stallworth's affidavit states: "When I made an application for insurance I was told by Marvin Robinson that I would not need flood insurance." Stallworth's affidavit also states: "I relied upon Defendant Robinson's statements in not seeking any additional coverage."

Of course, beyond the facts set out in these opposing affidavits and in the pleadings, I do not know what the circumstances were at the time this policy was initially purchased or at the time of its annual renewal. I do not know whether Robinson made any representations to Stallworth concerning the coverages he should buy; I do not know whether the representations Robinson made, if any, were true, or when precisely the conversations in question occurred (whether only at the time the policy was purchased initially or during one or more of the annual renewals of the policy). At this juncture, the truth of the allegations and the merits of the defense are not to be decided. The sole dispositive question now before me is whether, accepting as true all the plaintiff's substantive allegations in the record, and granting the plaintiff all reasonable inferences that may be drawn in support of these allegations, there is any

reasonable probability that the plaintiff can establish a cause of action against Robinson for negligence or for negligent misrepresentation.

In my opinion the allegations of the complaint and the statements in Stallworth's affidavit are sufficient to withstand a motion to dismiss under Rule 12(b)(6), and the parties' affidavits are sufficient to create genuine issues of material fact which would preclude summary judgment in favor of Robinson under Rule 56.

### The Defense of Limitations

Since it is not clear in the record before me exactly when the conversations in question occurred, I have no basis for finding that the plaintiff's claims against Robinson are time barred. Given that this policy was renewed annually, and given the statements in the opposing affidavits indicating that there were at least annual communications between the parties regarding the renewal of insurance coverage, I cannot say, as a matter of law, that the plaintiffs' claims against Robinson are time barred. Plaintiff may ultimately prove that the representations in question were made or reiterated during the conversations concerning renewal of this policy. Robinson may ultimately prove that he never made the representations attributed to him by the plaintiff or that the representations were made at a time outside the applicable period of limitations. These are issues that must be decided on the merits of the case, not on a motion to remand. In the context of a motion to remand, it is the plaintiffs who must be given every benefit of the doubt as to the facts alleged and the governing law the Court must apply. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568 (5th Cir.2004) (en banc).

### No Reasonable Reliance

According to the allegations of the complaint and Stallworth's affidavit, Robinson specifically told the plaintiff that he would not need flood insurance. This is not exclusively or necessarily a representation concerning the contents of the Nationwide policy or the scope of coverage afforded by that insurance policy. As I appreciate the allegations of the complaint, plaintiff has at least alleged that Robinson was negligent in advising him that he need not purchase a flood policy, regardless of what he may or may not have told the plaintiff concerning the coverage afforded by the Nationwide homeowners policy. Whether Robinson made this statement and, if so, whether the plaintiffs' reliance on this statement was reasonable; whether the statement, if it was made, was made in circumstances in which Robinson, acting in accordance with the applicable standard of care, should have given different advice; and the question of whether the circumstances were such that Robinson knew or should have known that the plaintiff would rely on his statement in making his decision about flood coverage, are all questions of fact, and, at this juncture, it is the plaintiffs who must be given the benefit of all doubtful issues of fact and law. As with any case of alleged negligence, it will ultimately be up to the plaintiff to carry the burden of proof on all the essential elements necessary to prove liability under his theory or theories of recovery, but that is not a burden of proof the plaintiff must meet at this point in the litigation process.

The defendants contend that it would be unreasonable as a matter of law for the plaintiff to have relied on this representation or on any representations allegedly made by Robinson that were contradicted by the terms of the Nationwide policy.  That argument may well prove to be a sound defense to the merits of the plaintiff's claims. But at this point in this litigation, for purposes of deciding the only question before me, i.e. whether there is any reasonable probability that the plaintiff may establish a right of recovery against Robinson individually, plaintiff is entitled to the benefit of the doubt on this issue.  As I understand the allegations of the complaint and the statements in Stallworth's affidavit, he may undertake to prove that he was relying on Robinson's expertise as an insurance agent in accepting his (Robinson's) advice to the effect that Stallworth did not need flood insurance.  This representation may or may not have been made along with statements concerning the scope of coverage under the Nationwide homeowners policy.  Thus, the statements Stallworth has alleged he relied upon are not necessarily contradictory of the terms of the Nationwide policy.

Whether any conduct is reasonable depends on the context and circumstances in which the action takes place, and the development of the facts which will support or undermine the plaintiff's claims of reasonable reliance is part of the litigation process. Thus, this is not a determination I am free to resolve in the defendants' favor without running afoul of the liberal rules that I am required to follow in assessing the potential merits of a claim in the context of removal on grounds of fraudulent joinder.

## Federal Question Jurisdiction

Defendants' contention that this action implicates the National Flood Insurance Act and confers federal question jurisdiction under 42 U.S.C. §1331 lacks a factual foundation.  The plaintiffs have made no flood insurance claim, and claims related to the failure to procure flood insurance are outside the scope of the act.

Federal question jurisdiction would exist if the plaintiffs were claiming benefits under a flood insurance policy.  *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) The relevant cases draw a distinction between claims related to the handling and adjustment of claims, for which the federal courts have exclusive jurisdiction, and claims related to the procurement of flood coverage, which fall outside federal jurisdiction under the National Flood Insurance Act.  Compare *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) with *Landry v. State Farm Fire and Casualty Company,* 428 F.Supp.2d 531 (E.D.La.2006)  on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006).  This distinction has not been eliminated by the decision in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).

### Certification for Interlocutory Appeal

I do not believe there are grounds for my certifying this action for interlocutory appeal.

### Conclusion

For the reasons set out herein, the defendants' motion for reconsideration will be denied. An appropriate order will be entered.

**SO ORDERED** this 6th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge